UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

Chapter 7 No. 14-14990-FJB
Adversary Proceding No.: 15-01080

| | |
|---|---|
| **In Re:** | ) |
| | ) |
| **Sarah Lovell,** | ) |
| **Debtor** | ) |
| | ) |
| | ) |
| **Nancy Heroux,** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **Sara Lovell,** | ) |
| **Defendant** | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must identify the well-pleaded factual allegations, assume their veracity and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotes and citations omitted); *Ashcroft*, 556 U.S. at 678 (in considering a motion to dismiss court begins by identifying and disregarding conclusory allegations in the complaint); *Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 40 (1st Cir. 1998) (the court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*,

129 S.Ct. at 1949. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint must state a claim that is "plausible on its face" and should be dismissed if the plaintiff has not "nudged [her] claims across the line from conceivable to plausible." *Id.* at 570; *see also Ashcroft*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (quoting *Twombly*, 550 U.S. at 556).

In addition to the well-pleaded factual allegations contained in the complaint, Rule 12(b)(6) permits the Court to take into consideration "documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice." *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008).

In the Complaint before us, the Plaintiff draws attention to a trust account that was referenced by the Debtor in her schedules. The Plaintiff alleges that the Debtor used funds from a trust account that was supposed to be for her daughter. In fact the funds were used towards self publishing a book that the daughter and the Defendant collaborated on. Therefore, the funds in the account were used for the benefit of the daughter. Even though the Debtor did not have an interest in the account, the Debtor still disclosed such due to her control over the account.

Moreover, the funds in the account even if the Debtor had an equitable interest in such would have been subject to the exemptions that the Debtor would have been entitled to. Therefore it is not the Plaintiff but the daughter who would have standing to bring an action with regards to the use of such funds.

As previously stated the book was a collaboration between the daughter and the Debtor.

The Plaintiff alleges that the book was a derivative of the intellectual property possessed by the Debtor on the date of filing. Under the Plaintiff's logic, then education and intellectual property of a debtor could serve as a basis for a creditor going after the debtor for wealth generated after the filing of the bankruptcy. This would undermine the purpose of the Bankruptcy Laws intended to give the Debtor a "fresh start."

Plaintiff further contents that income generated by the book belongs to the estate. The income generated by the book falls well below the exemptions that the Debtor is

entitled to. Furthermore, there is no indication that the book will generate any further revenue let alone income.

Therefore, the Plaintiff has not put forth a claim upon which relief can be granted.

Dated: June 30, 2015

Sarah Lovell
By her attorney,

Evan A. Greene
Portnoy and Greene, P.C.
687 Highland Avenue
Needham, MA 02494
Phone: 857-636-7821
Fax: 781-449-4574
Email: evangreene@portnoygreene.com

## CERTIFICATE OF SERVICE

I, Evan A. Greene, counsel of record for the Defendant certify that on June 30, 2015 I served a true copy of the foregoing Motion to Dismiss on Richard Gannet, counsel of record for the Plaintiff using the court's CM/ECF filing system and by sending the same first class mail, postage prepaid on:

Richard Gannett, Esq.
Gannett and Associates
165 Friend Street, Ste 200
Boston, MA 02114-2025

_____
Evan A. Greene