UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Chapter 7  Case No. 14-14990-FJB
Adversary Proceeding No. 15-01080-FJB

|  |  |
|---|---|
| IN RE: SARAH LOVELL,<br>       Debtor. | )<br>)<br>)<br>) |
| NANCY HEROUX,<br><br>       Plaintiff,<br>v.<br><br>SARAH LOVELL,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED OPPOSITION OF NANCY HEROUX TO SARAH LOVELL'S RULE 12 MOTION TO DISMISS NANCY HEROUX'S ADVERSARY PROCEEDING**

Nancy Heroux, the Plaintiff herein, ("Heroux") by her attorney, Richard W. Gannett, files the within Amended Opposition to Sarah Lovell's ("Lovell') Motion to Dismiss the Adversary Proceeding of Heroux.

Lovell's Motion to Dismiss the Adversary Proceeding of Heroux admits all well plead facts. *In re: Votolini* 48 B. R 199 (Bkrtcy. D. Mass. 1999).  The case law Lovell cites does not warrant dismissal where i)Heroux has identified an asset not disclosed in Lovell's petition, ii) Heroux has demonstrated that Lovell's assertion she has no equitable interest in the subject bank account affiliated with the debit card is untrue where Lovell a) carries the debit card on her, b) she uses it for her own benefit (her Amazon.com book deal) and c) she is the bank account's sole signatory.

1

Lovell's motion must be denied because Heroux has pleaded facts which warrant a denial of Lovell's discharge. Under *Votolini,* at this stage of the Adversary Proceeding, Lovell admits the following facts specifically set forth in the Adversary Proceeding:

* Lovell withdrew $1,173.00 four days after the commencement of her bankruptcy petition from a "Trust Fund." The funds are accessible via a "debit card." The subject "debit card" was in the possession of Lovell. Heroux says this means the funds in the "debit card" account belong to Lovell. Lovell refused to show the debit card during the Court authorized Rule 2004 examination. Lovell had unfettered access to said so-called "Trust Funds" to pay her book publication expense. Her use of the "Trust Funds" were never revealed to Heroux in Lovell's bankruptcy schedules. As such, Lovell is suppressing the existence of an asset (cash) which she promptly used for her book deal just four days after her petition was entered.

* Lovell has concealed, or failed to keep, or preserve, recorded information, including books, documents, records and papers, from which Lovell's financial condition or business transactions can be ascertained. During her Rule 2004 examination Lovell claimed she "forgot" or "could not remember" the transactions of an account she says she contends she has no equitable interest in. Nevertheless, Lovell used these funds to pay Amazon.com.

    \*    Lovell did not disclose her book, nor any intellectual property surrounding the book, in her petition. Lovell was obligated to disclose such an asset, despite her personal belief the book has no value. Lovell concedes the book has value as she collected monies at a book signing in, or near, Winthrop, MA for the subject book.

The facts adduced at the Rule 2004 examination also warrant denial of Lovell's discharge as she utilized a bank account to finance an Amazon.com book deal and claimed in her bankruptcy petition that she had "no equitable interest" in said bank account.

Moreover, her Rule 2004 examination transcript demonstrates her inability to respond to simple questions concerning her financial affairs and she appears to be evasive about matters she has a duty to disclose. Ex. A.

Because Lovell has admitted these three distinct matters which warrant a denial of her discharge, her Motion to Dismiss must be denied.

                                                    Respectfully submitted,
                                                    Nancy Heroux,
                                                    By her attorney,

                                                    <u>/s/Richard W. Gannett</u>
                                                    Richard W. Gannett, Esquire
                                                    Massachusetts Bar #184430
                                                    Gannett & Associates
                                                    165 Friend Street, Suite 200
                                                    Boston, MA 02114-2025
                                                    (617) 367-0606
                                                    rwgannett@gannettlaw.com